UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EXECUTIVE PLAZA, LLC,

               MEMORANDUM & ORDER
      Plaintiff,  11-CV-1716(JS)(GRB)

  -against-

PEERLESS INSURANCE COMPANY,

      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:  Simon Hale Rothkrug, Esq.
       Rothkrug Rothkrug & Spector, LLP
       55 Watermill Lane, Suite 200
       Great Neck, NY 11021

For Defendant:  Scott D. Storm, Esq.
       Mura & Storm, PLLC
       930 Rand Building
       14 Lafayette Square
       Buffalo, NY 14203

SEYBERT, District Judge:

    Plaintiff Executive Plaza, LLC ("Plaintiff") commenced this action in March 2011 against Defendant Peerless Insurance Company ("Defendant") in New York State Supreme Court, Nassau County seeking a declaratory judgment that Plaintiff is entitled to insurance coverage under a policy issued to Plaintiff by Defendant and damages in an amount no less than $50,000. On April 4, 2011, Defendant removed the action to this Court on the basis of diversity jurisdiction and filed its Verified Answer to the Complaint. Pending before the Court is Defendant's motion

to dismiss under Federal Rule of Civil Procedure 12(c)[1] or, in the alternative, for summary judgment under Rule 56. For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[2]

I. The Insurance Policy

Plaintiff is the sole owner of commercial real property located at 4584 Austin Boulevard, Island Park, New York (the "Property"). (Comp. ¶¶ 3-4, 6.) On or about September 25, 2006, Defendant, "for good and valuable consideration and a premium paid," issued to Plaintiff a general liability and property damage insurance policy (the "Policy") with a $1,000,000 limit. (Compl. ¶¶ 5, 12.)

Upon loss or damage to the Property, the Policy provides for an initial payment of the "actual cash value" of the Property as of the date of the loss. (Def. Ex. B., Policy-Liability Coverage § E.6.a(1).) Defendant is not obligated to pay the actual cost to repair or replace the Property (the "Replacement Cost"):

---

[1] The Court notes that Defendant actually moves to dismiss under both Rule 12(b)(6) and 12(c). However, by answering, Defendant waived its right to seek dismissal under Rule 12(b). See FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Therefore, the Court construes Defendant's motion as one under Rule 12(c) only.

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

> (i) Until the lost or damaged property is actually repaired or replaced; and
>
> (ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

(Def. Ex. B., Policy-Liability Coverage § E.6.d(1)(b).) This provision will hereinafter be referred to as the "Condition Precedent Provision."

> The Policy also provides that:
>
> No one may bring a legal action against us under this insurance unless:
>
> a. There has been full compliance with all of the terms of this insurance; and
>
> b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Def. Ex. B, Policy-Liability Coverage § E.4.) This will be hereinafter referred to as the "Legal Action Against Us Provision."

## II. The Coverage Dispute

On or about February 23, 2007, "while the Policy was in full force and effect," there was a fire on the Property which resulted in substantial damage, including the complete destruction of the commercial building located on the Property. (Compl. ¶ 7.) Plaintiff complied with its obligations under the Policy and timely notified Defendant of the fire and the damage

to the Property. (Compl. ¶ 9.) Defendant investigated the incident and concluded that the damage to the Property was covered under the Policy. (Compl. ¶¶ 8, 11, 13.)

Plaintiff then proceeded with the replacement of the building by hiring an architect to prepare blueprints, surveys and any documentation needed to secure building permits from the Town of Hempstead and the Village of Island Park. (Compl. ¶ 14.) Full building permits were not issued, however, until November 26, 2008. (Compl. ¶ 22.)

In the interim, Defendant paid Plaintiff $717,583.50--the actual cash value of the Property after the fire. (Compl. ¶ 25; Def. Ex G.) By letter dated January 26, 2009, Defendant advised Plaintiff that, pursuant to the terms of the Policy, it had no obligation to pay the Replacement Cost unless and until the repairs were completed in a reasonable amount of time. (Compl. ¶ 26; Def. Ex. O.) The letter also reminded Plaintiff that no lawsuit could be maintained if commenced more than two years after the date of the fire. (Compl. ¶ 26; Def. Ex. O.)

III. Procedural History

A. First Action

On February 23, 2009, although the building repairs were not yet completed,[3] Plaintiff commenced an action in Nassau

---

[3] Plaintiff had spent only $401,786, and the reconstruction was only partially completed. (Def. Ex. K.)

4

County Supreme Court seeking a declaratory judgment that Defendant was contractually obligated to indemnify Plaintiff for the Replacement Cost up to the Policy's $1,000,000 limit (the "First Action"). (Compl. ¶ 27.) Defendant removed the action to the United States District Court for the Eastern District of New York, and the case was assigned to Judge Leonard D. Wexler. (Compl. ¶ 29.) In December 2009, the parties cross-moved for summary judgment, and on February 8, 2010, Judge Wexler granted summary judgment in favor of Defendant (Compl. ¶ 30). See Exec. Plaza, L.L.C. v. Peerless Ins. Co., No. 09-CV-1976, 2010 U.S. Dist. LEXIS 99602 (E.D.N.Y. Feb. 8, 2010). Judge Wexler dismissed the case without prejudice, holding that the action was not ripe for adjudication because Plaintiff failed to comply with the Condition Precedent Provision requiring full replacement or repair prior to making a claim for reimbursement of the Replacement Cost. Id. at *9-11. Therefore, Defendant had no obligation to pay the Replacement Cost at that time. Id. at *11.

B. Present Action

After the First Action was dismissed, Plaintiff continued the reconstruction of the building on the Property. According to the Complaint, the reconstruction is "substantially completed," and Plaintiff has expended over $1,000,000 in repairing and replacing the damaged Property. (Compl. ¶¶ 24,

5

31.) In May 2011, Plaintiff commenced the present action in New York State Supreme Court, Nassau County seeking a declaratory judgment that Plaintiff is now entitled to the Replacement Cost. On April 4, 2011, Defendant removed the action to this Court and filed its Verified Answer. Presently before the Court is Defendant's motion to dismiss.

## DISCUSSION

Defendant moves to dismiss under Rule 12(c) or, in the alternative, for summary judgment under Rule 56. The Court will first summarize the applicable standard of review before addressing Defendant's arguments in support of dismissal.

I. Standard of Review under Rule 12(c)

The standard for evaluating a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Iqbal, 129 S. Ct. at 1949; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 129 S. Ct. at 1950. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Consideration of matters beyond those just enumerated requires the conversion of the Rule 12(c) motion to dismiss to one for summary judgment under Rule 56. See FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see also Kramer, 937 F.2d at 773.

7

Because the Court need not consider anything outside of the four corners of the Complaint in deciding the pending motion,[4] conversion to a motion for summary judgment is not necessary.

II. Defendant's Motion

Defendant moves to dismiss Plaintiff's Complaint on two grounds: first, because Plaintiff failed to satisfy a condition precedent to coverage--namely, actually paying for the property to be replaced or repaired, and, second, because Plaintiff failed to commence this action within two years of the date on which the physical loss or damage occurred. The Court will address the limitations argument first.

Defendant asserts that the two-year limitation on commencing an action in the Legal Action Against Us Provision bars Plaintiff's claims here. Specifically, Defendant argues that since the Legal Action Against Us Provision requires commencement of an action within two years of "the date on which the direct physical loss or damage occurred," Plaintiff had to commence its action on or before February 23, 2009.

Before addressing Plaintiff's opposition, the Court must make two points regarding the Legal Action Against Us

---

[4] The Court notes that it may consider the Policy without converting the motion to a motion for summary judgment because the Complaint incorporates it repeatedly by reference (see, e.g., Compl. ¶ 5). See Chambers, 282 F.3d at 152.

8

Provision. First, although the applicable statute of limitations for breach of contract in New York is six years, see N.Y. C.P.L.R. 213(2), under N.Y. C.P.L.R. 201, parties may, by written agreement, impose a shorter period within which to commence an action than that provided by statute so long as the agreed upon limitation is reasonable, see also John J. Kassner & Co., Inc. v. City of New York, 46 N.Y.2d 544, 550-51, 389 N.E.2d 99, 103, 415 N.Y.S.2d 785, 789 (1979). The Court finds that the two-year limitation period in the Policy is reasonable, as New York courts have consistently upheld two-year limitations periods in insurance contracts as reasonable. See Pfeffer v. Harleysville Grp., Inc., No. 10-CV-1619, 2011 WL 6132693, at *7 (E.D.N.Y. Sept. 30, 2011) (collecting cases); see also N.Y. Ins. Law § 3404(e). Second, Defendant's assertion that the two-year period began to run on the date of the fire is correct. See Fabozzi v. Lexington Ins. Co., 601 F.3d 88, 92 (2d Cir. 2010) (stating that the limitations period in an insurance policy that required an action to be brought "within two years after the date on which the direct physical loss or damage occurred" ran from the date of the fire (discussing Myers, Smith & Granady, Inc. v. N.Y. Prop. Ins. Underwriting Ass'n, 85 N.Y.2d 832, 647 N.E.2d 1348, 623 N.Y.S.2d 840 (1995))); Pfeffer, 2011 WL 6132693, at *7 (similar).

Plaintiff does not dispute this,[5] but rather argues that: (1) commencing the First Action effectively tolled the limitations period indefinitely (Pl. Opp. 4-5) and (2) Defendant's interpretation of the Legal Action Against Us Provision is a "bad faith manipulation of the language of the Policy" (Pl. Opp. 6-8). The Court will address each argument in turn.

1. Tolling

N.Y. C.P.L.R. 205(a) provides as follows:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences <u>within six months after the termination</u> . . . .

N.Y. C.P.L.R. 205(a) (emphasis added). Thus, C.P.L.R. 205(a) tolled the two-year limitation period during the pendency of the First Action and gave Plaintiff an additional six months after the termination of the First Action to file a new action. Plaintiff, however, commenced this action more than a year after the First Action was terminated. Therefore, even with the

---

[5] (See Pl. Opp. 3 ("There is no dispute that the fire occurred on February 23, 2007 and that the two year contractual 'legal action' clause would therefore expire on February 23, 2009.").)

10

extension provided by C.P.L.R. 205(a), the Complaint is untimely.

Plaintiff argues that C.P.L.R. 205(a) does not apply to the limitations period in the Legal Action Against Us Provision because "[t]he Policy makes no mention that a second suit would be limited by the time constraints of C.P.L.R. 205(a)." (Pl. Opp. 5.) However, courts in New York regularly apply Section 205(a) to contractual limitations periods, see, e.g., E & L, Inc. v. Liberty Mut. Fire Ins. Co., 227 A.D.2d 303, 304, 642 N.Y.S.2d 886, 887 (1st Dep't 1996); Bread & Butter, L.L.C. v. Certain Underwriters at Lloyd's London, No. 005379/08, 2009 WL 997482, at *4 (Sup. Ct. Nassau Cnty. Apr. 8, 2009), and there is nothing in the Policy indicating that a second suit would not be limited by Section 205(a)'s time constraints. Therefore, Plaintiff's argument is without merit.

2. Contract Interpretation

Plaintiff also argues that Defendant's interpretation of the Legal Action Against Us Provision to require Plaintiff to comply with all conditions precedent and file suit within two years ignores the Policy's plain meaning. The Court disagrees.

"Under New York law, which applies in this case, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." Cotton v. Provident Life & Cas. Ins. Co., 951 F.

11

Supp. 395, 398 (E.D.N.Y. 1997) (citing Vill. of Sylvan Beach v. Travelers Indem. Co., 55 F.3d 114, 115 (2d Cir. 1995)). If the provisions at issue "are clear and unambiguous, they must be accorded their plain and ordinary meaning and the policy enforced as written; a court is not free to modify such terms by judicial construction." Francis v. INA Life Ins. Co. of N.Y., 809 F.2d 183, 185 (2d Cir. 1987) (citation omitted). On the other hand, "if the policy language is ambiguous, the ambiguity must be interpreted in favor of the insured." Cotton, 951 F. Supp. at 398 (citing Sylvan Beach, 55 F.3d at 115). In deciding whether ambiguity exists, the Court must read the Policy as a whole and in such a way "that no provision is rendered meaningless." Id. (citing Columbia Cont'l Ins. Co., 83 N.Y.2d 618, 628, 634 N.E.2d 946, 612 N.Y.S.2d 345 (1994)).

Plaintiff asks the Court to disregard Defendant's interpretation of the Legal Action Against Us Provision as barring Plaintiff's claims for two reasons: first, because it is a "bad faith manipulation of the language of the Policy" (Pl. Opp. 6) and, second, because it would render part of the Conditions Precedent Provision meaningless (Pl. Opp. 6). The Court finds both arguments to be without merit.

Contrary to Plaintiff's assertion, Defendant's interpretation of the Policy as to require all reconstruction to be completed within two years comports with the Policy's plain

12

meaning. It is a simple syllogism: Plaintiff must fully comply with all of the Policy's terms prior to commencing suit--including actually repairing the lost or damaged property as soon as reasonably possible. See Exec. Plaza, 2010 U.S. Dist. LEXIS 99602, at *10 (holding that Plaintiff was required to comply with the Conditions Precedent Provision prior to commencing suit). Plaintiff must also commence suit within two years of the loss or damage. See supra page 10-11. Therefore, Plaintiff must fully comply with the Conditions Precedent Provision--by actually repairing the lost or damaged property as soon as reasonably possible--within two years of the loss or damage.

"As with all syllogisms, the conclusion is inescapable if the premises are correct." See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 202, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963) (Stewart, J., dissenting). Thus, as this Court and Judge Wexler have found the premises to be correct, see Exec. Plaza, 2010 U.S. Dist. LEXIS 99602, at *10; supra page 10-11, the conclusion--that the Property must be replaced within two years of the loss or damage--is also correct. Plaintiff's argument that Defendant's interpretation is an "absurd[]" "manipulation of the Policy language" because "[i]t would clearly have been impossible to erect the new building within 2 years given the need for a zoning variance and other municipal approvals for

13

parking, water and drainage," (Pl. Opp. 7-8, 11) is also without merit: "The fact that [the insured] may have contracted for coverage that was of little use to it at the time [of the loss] does not mean that it is entitled to more beneficial coverage which it did not contract for." In re Ambassador Grp., Inc. Litig., 738 F. Supp. 57, 62 (E.D.N.Y. 1990) (alterations in original) (internal quotation marks and citation omitted). "[I]t is not the function of a court to rewrite insurance policies so as to provide coverage which the court might have considered more equitable." Cornellier v. Am. Cas. Co., 389 F.2d 641, 644 (2d Cir. 1968).

Additionally, this interpretation does not render the condition precedent--that "the repairs or replacement [be] made as soon as reasonably possible after the loss or damage" (Def. Ex. B., Policy-Liability Coverage § E.6.d(1)(b))--meaningless as it is possible to have repairs that were made within two years of the date of the loss but were not made "as soon as reasonably possible." In other words, Defendant can refuse to reimburse Plaintiff for the Replacement Cost of repairs that were made within two years of the date of the loss if those repairs were not made "as soon as reasonably possible."

Accordingly, the Court finds that the Policy unambiguously bars any and all suits commenced more than two years after the date of the damage or loss. Since Plaintiff

14

commenced this action well beyond the limitations period prescribed in the Policy, Plaintiff's action is time-barred.[6]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is directed to enter judgment for Defendant and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: March __13__, 2012
       Central Islip, NY

---

[6] Thus, the Court need not address the merits of Defendant's argument that this action is not ripe.