12-1470-cv
Exec. Plaza, LLC v. Peerless Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Argued: February 20, 2013    Decided: March 11, 2014)

Docket No. 12-1470-cv
_____

EXECUTIVE PLAZA, LLC,
*Plaintiff-Appellant*,

v.

PEERLESS INSURANCE COMPANY,
*Defendant-Appellee.*
_____

Before:
WINTER, CHIN, and DRONEY, *Circuit Judges*.
_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) dismissing with prejudice plaintiff-appellant's complaint seeking, pursuant to an insurance policy, indemnification for property loss caused by fire.

VACATED AND REMANDED.

CERTIFIED COPY ISSUED ON 03/11/2014

———————————————

DAVID TOLCHIN, Jaroslawicz & Jaros LLC, New York, New York, *for Plaintiff-Appellant*.

SCOTT D. STORM, Mura & Storm, PLLC, Buffalo, New York, *for Defendant-Appellee*.

———————————————

PER CURIAM:

Plaintiff-appellant Executive Plaza, LLC ("Executive") appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) in favor of defendant-appellee Peerless Insurance Company ("Peerless"), dismissing Executive's claim that it is entitled, under a fire insurance policy, to indemnification from Peerless for the cost of replacing a building damaged in a fire. We assume familiarity with our May 23, 2013, opinion in this case, which sets forth the facts. *Exec. Plaza, LLC v. Peerless Ins. Co.*, 717 F.3d 114 (2d Cir. 2013).

The fire insurance policy issued to Executive by Peerless contains two provisions that are relevant to this appeal. Section E.4 of the Policy provides for a limitations period requiring Executive to file suit to recover for loss or damage within two years of the fire. Section E.6 provides, however, with respect

-2-

to replacement costs, that Executive must replace the property before bringing suit and must complete the replacement work "as soon as reasonably possible."

The rebuilding of the fire-damaged property was not completed within the two-year limitations period. Peerless denied coverage on the ground that Executive was time-barred from recovering under the policy. Executive filed suit in New York State Supreme Court, and Peerless removed the suit to the Eastern District of New York.[1]

The district court dismissed Executive's complaint under Federal Rule of Civil Procedure 12(c), concluding that the Policy's limitations provision "unambiguously bars any and all suits commenced more than two years after the date of the damage or loss." *See Exec. Plaza, LLC v. Peerless Ins. Co.*, No. 11-cv-1716, 2012 WL 910086, at *6 (E.D.N.Y. Mar. 13, 2012). Executive appealed, arguing that it could not reasonably complete construction to replace the fire-damaged building within the two-year limitations period.

In our prior opinion, we concluded that New York case law does not clearly resolve the question raised by this case, and we thus certified the following question to the New York Court of Appeals:

---

[1] There was an earlier action, filed in 2009 in state court and removed to the district court below, that was dismissed without prejudice on ripeness grounds.

> If a fire insurance policy contains
>
> (1) a provision allowing reimbursement of replacement costs only after the property was replaced and requiring the property to be replaced "as soon as reasonably possible after the loss"; and
>
> (2) a provision requiring an insured to bring suit within two years after the loss;
>
> is an insured covered for replacement costs if the insured property cannot reasonably be replaced within two years?

*Exec. Plaza*, 717 F.3d at 118.

The Court of Appeals answered the certified question in the affirmative. *Exec. Plaza, LLC v. Peerless Ins. Co.*, No. 2, slip op. at 7 (N.Y. Feb. 13, 2014), *available at* 2014 WL 551251. The court concluded that the limitations period at issue here is not reasonable, as "[a] 'limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim." *Id.*, slip op. at 5-6.

The decision of the Court of Appeals resolves the contract interpretation question, holding that in a case where the property cannot reasonably be replaced in two years, the two-year contractual limitation period is "unreasonable and unenforceable." *Id.*, slip op. at 2. We thus hold that the

-4-

district court incorrectly dismissed Executive's claim under the Policy. Because the district court resolved the case on a motion for judgment on the pleadings before discovery, on remand the parties will still have to address the factual questions of whether Executive could reasonably replace the damaged property within two years and whether it replaced the property "as soon as reasonably possible." Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this decision.

      VACATED AND REMANDED.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit